# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

CHARLES LEE FREDERICK,    )
   )
      Petitioner,    )
   )
v.    )     **Case No. 15-CV-0481-GKF-PJC**
   )
JIM FARRIS,    )
   )
      Respondent.[1]    )

## OPINION AND ORDER

Before the Court is the amended 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 4) filed by Petitioner Charles Lee Frederick, a state inmate appearing pro se. Petitioner challenges the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2013-4295. Respondent filed a response in opposition to the petition (Dkt. # 8) and provided the state court records necessary to adjudicate Petitioner's claims. Petitioner filed a reply (Dkt. # 9). For the reasons discussed below, the Court finds and concludes that Petitioner is not entitled to federal habeas relief and denies the petition for a writ of habeas corpus. To the extent Petitioner requests an evidentiary hearing and appointment of counsel in this habeas proceeding, the Court denies those requests as moot. The Court also denies a certificate of appealability.

---

[1] Petitioner is incarcerated at the Jess Dunn Correctional Center (JDCC) in Taft, Oklahoma. Jim Farris, the JDCC's warden, is therefore substituted in place of Art Lightle as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note this substitution on the record.

**I.**

In the District Court of Tulsa County, Case No. CF-2013-4295, Petitioner, represented by counsel, waived his rights to a jury or non-jury trial and pleaded guilty to one count of possessing child pornography, in violation of OKLA. STAT. tit. 21, § 1024.2, after former conviction of a felony. Dkt. # 8-1, at 1-2, 4. On March 12, 2014, the trial court accepted his guilty plea and, in accordance with the plea agreement, imposed a 10-year prison sentence. *Id.* at 3, 5-6. The trial court advised Petitioner of his appeal rights, and Petitioner indicated he understood those rights. *Id.* at 7. Petitioner did not move to withdraw his plea within 10 days of sentencing or otherwise attempt to seek a writ of certiorari from the Oklahoma Court of Criminal Appeals. Dkt. # 4, at 2; Dkt. # 8-3, at 2; *see* OKLA. STAT. tit. 22, § 1051*;* Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018).

Petitioner filed an application for post-conviction relief in state district court on December 17, 2014. Dkt. # 8-3, at 2. Petitioner alleged (1) he was ". . . not allowed to cross examine State's witness," and (2) he was ". . . shown no evidence." *Id.*; *see also* Dkt. # 8-2 (Pet'r PC App.), at 2-3. By order filed March 30, 2015, the state district court denied relief, finding Petitioner's claims procedurally barred in light of his failure to appeal his conviction. Dkt. # 8-3, at 2-3; *see Logan v. State*, 293 P.3d 969, 973 (Okla. Crim. App. 2013) ("Issues that were previously raised and ruled upon by this Court are procedurally barred from further review under the doctrine of *res judicata*; and issues that were not raised previously on direct appeal, but which could have been raised, are waived for further review."); OKLA. STAT. tit. 22, § 1086 (providing that any ground for post-conviction relief

"knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence" may not be raised in a second or subsequent application for post-conviction relief).

Petitioner filed a post-conviction appeal challenging the state district court's order denying his application for post-conviction relief. Dkt. # 8-4 (Petition-in-Error). Petitioner alleged he was entitled to post-conviction relief because (1) he "was denied his Due Process right to confront his accusers," and (2) he "was denied his due process rights by refusing him the evidence so that he would be able to file a direct appeal." *Id.* at 1, 4, 7. He further alleged that the state district court abused its discretion in refusing to appoint counsel and provide him an evidentiary hearing. *Id.* at 1, 4. By unpublished order filed June 18, 2015, the OCCA affirmed the denial of post-conviction relief. Dkt. # 8-5, at 3. The OCCA agreed with the state district court that Petitioner waived his claims by failing to appeal his conviction. *Id.* at 2. Further, the OCCA found that Petitioner failed to demonstrate he was denied an appeal through no fault of his own. *Id.* at 2-3; *see Dixon v. State*, 228 P.3d 531, 532 (Okla. Crim. App. 2010) (explaining that defendant who fails to appeal after being informed of his appeal rights and who seeks an out-of-time appeal "must establish before the trial court that he always desired to exercise that right of appeal but that he was denied the opportunity to do so through no fault of his own"). Finally, the OCCA found that the district court did not abuse its discretion in declining to appoint counsel because Petitioner "presented insufficient evidence to support any of his claims of error or to show why they were not waived." Dkt. # 8-5, at 3.

Petitioner commenced this federal habeas proceeding on August 21, 2015, by filing a petition for writ of habeas corpus (Dkt. # 1). As directed by the Court, *see* Dkt. # 3, Petitioner filed an amended habeas petition (Dkt. # 4) on October 7, 2015. Respondent filed a response in opposition to the amended petition (Dkt. # 8), and Petitioner filed a reply (Dkt. # 9).

## II.

Petitioner claims he is entitled to federal habeas relief because (1) he was "denied [a] fair trial" when he "was told in court to sit down and keep [his] mouth shut," (2) he "was not allowed to cross examine state witness[es]" and "was told by the guard to sit down keep [his] mouth shut and don't say a word," (3) the State withheld evidence "that would have proven him not guilty," and (4) the evidence used against him was "illical" [sic] because "his [treatment] counselor released [the] info to police" illegally. Dkt. # 4, at 5, 7-8, 10.

Respondent contends Petitioner arguably exhausted his second and third claims but those claims are procedurally defaulted because the state court declined to review them on independent and adequate state procedural grounds. Dkt. # 8, at 2-5. Respondent contends Petitioner failed to exhaust his first and fourth claims but those claims are procedurally defaulted under the doctrine of anticipatory procedural bar and should be denied rather than dismissed under the exhaustion doctrine. *Id.* at 3-4. Finally, Respondent contends Petitioner has not made the requisite showings to excuse the procedural default of his habeas claims. *Id.* at 6-9.

For two reasons, the Court agrees with Respondent that Petitioner procedurally defaulted all four of his claims.[2]  First, as Respondent contends, it appears Petitioner sufficiently exhausted his second and third claims by raising them in his application for post-conviction relief (Dkt. # 8-2) and his post-conviction appeal brief (Dkt. # 8-4).  *See* 28 U.S.C. § 2254(b)(1)(A) (requiring state prisoner to exhaust state remedies); *Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018) (explaining that state prisoner can satisfy exhaustion requirement by "provid[ing] state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim" (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982))).  Nonetheless, both the state district court and the OCCA declined to review the merits of these claims based on Petitioner's failure to comply with Oklahoma law and the OCCA's procedural rules.  Under Oklahoma law "if a defendant's conviction is based on a guilty plea, he may pursue an appeal to the OCCA only by a petition for a writ of certiorari." *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012).  The rules for pursuing a certiorari appeal require a defendant to file a motion in

---

[2] Because Petitioner appears pro se, the Court must liberally construe his pleadings. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).  Even so, the Court questions whether Petitioner's underdeveloped allegations are sufficient to state any cognizable habeas claims.  To obtain federal habeas relief, even a pro se petitioner must allege sufficient facts showing that he is "in custody in violation of the Constitution, laws, or treaties of the United States."  28 U.S.C. § 2254(a); *see Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (noting that "naked allegations" in habeas petitions are insufficient to state cognizable habeas claims); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Rule 2(c)(3), *Rules Governing Section 2254 Cases in the United States District Courts* (requiring habeas petitioner to "state the facts supporting each ground" for habeas relief).  Because it is clear from the record that Petitioner procedurally defaulted his claims and cannot overcome that procedural default, the Court assumes the cognizability of Petitioner's claims.

state district court, within ten days of sentencing, seeking to withdraw the guilty plea and requesting an evidentiary hearing. Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). "The application to withdraw guilty plea and the evidentiary hearing are both necessary and critical steps in securing this appeal." *Clayton*, 700 F.3d at 441 (quoting *Randall*, 861 P.2d at 316). If the state district court denies the motion following a hearing, the defendant must file a notice of intent to appeal and a designation of record in state district court within ten days from the date of the denial of the motion. Rule 4.2(D), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). To perfect the certiorari appeal, the defendant must then file a petition for writ of certiorari and the appellate record with the OCCA within 90 days of the denial of his motion to withdraw the plea. Rule 4.3, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). The time limits for filing a notice of intent to appeal and for perfecting the certiorari appeal are both jurisdictional; thus, failure to comply with either constitutes waiver of the right to appeal. See Rules 4.2(D) & 4.3. It is clear from both state court decisions that the state district court and the OCCA declined to review Petitioner's second and third claims based on his failure to perfect a certiorari appeal in accordance with state law and state procedural rules. Dkt. ## 8-3, 8-5. Thus, the Court finds that Petitioner's second and third claims are procedurally defaulted for purposes of habeas review. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule."); *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998) (explaining that a state

procedural rule "is independent if it is separate and distinct from federal law," and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982))).

Second, the Court agrees with Respondent that Petitioner failed to exhaust his first and fourth claims. Even liberally construing his state court pleadings, the Court cannot find that Petitioner fairly presented these claims in state court. *See* Dkt. ## 8-2, 8-4. Thus, these claims are unexhausted. *See Grant*, 886 F.3d at 890. Section 2254(b)(1)(A) generally "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017). Ordinarily, "a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant*, 886 F.3d at 891-92 (quoting *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006)). Nonetheless, the Court agrees with Respondent that dismissal is not appropriate here. As *Grant* instructs, dismissal of unexhausted claims "is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." 886 F.3d at 892 (quoting *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999)). Rather, any unexhausted claims that the state court would find procedurally barred, should the petitioner return to state court to exhaust them, are subject to an anticipatory procedural bar and procedurally defaulted for purposes of federal habeas review. *Id.*; *see also Anderson v. Sirmons*, 476 F.3d 1131, 1140 n. 7 (10th Cir. 2007) (defining "anticipatory procedural bar"). On the record presented, the Court is confident that, should Petitioner return to state court and attempt to exhaust his first and fourth claims through a second

application for post-conviction relief, the state district court and the OCCA would find those claims procedurally barred. Thus, the Court finds Petitioner's first and fourth claims are also procedurally defaulted.

As a result, the Court will not consider any of Petitioner's claims unless he can show "cause" to excuse the procedural default and "actual prejudice" or that a "fundamental miscarriage of justice" will result if the Court declines to review his claims. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. *Id.* In addition, a petitioner must establish "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). The alternative is proof of a "fundamental miscarriage of justice," which requires a petitioner to demonstrate that he is "actually innocent" of the crime for which he was convicted. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). To support a credible claim of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schulp v. Delo*, 513 U.S. 298, 327 (1995). This ordinarily "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. Tenable actual-innocence claims are "rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Notably, Respondent thoroughly discussed these potential pathways to overcoming procedural default in his response and argued that Petitioner failed to show any circumstances that would excuse the procedural default of his claims. Dkt. # 8 at 6-9. Yet, in his reply to the response, Petitioner does not address, or even mention, "cause," "actual prejudice," or the miscarriage-of-justice exception. Dkt. # 9. Instead, he restates his procedurally defaulted claims, suggests he has been "denied equal protection," and reasserts his allegation that he did not appeal his conviction because he "was denied transcripts" and access to "evidence." *Id.* at 1. The Court finds these conclusory allegations insufficient to establish "cause and prejudice" or to support a credible claim of actual innocence. As Respondent points out, Petitioner was represented by counsel when he entered his guilty plea and he indicated on the plea form that he understood his appeal rights. Dkt. # 8 at 6; Dkt. # 8-1 at 1, 7. Like the OCCA, the Court finds nothing in the record to suggest that Petitioner was denied an appeal as the result of some external factor. *See* Dkt. # 8-5, at 3 (noting that Petitioner failed to provide any "adequate explanation for his failure to seek to withdraw his plea or otherwise timely appeal his convictions"). As he did in state court, Petitioner fails to support his allegations that he was either denied transcripts or evidence necessary to pursue an appeal. Dkt. ## 4, 9. Similarly, while Petitioner alleges in his amended petition that the State "withheld evidence that would have proven him not guilty," he fails to identify this allegedly exculpatory evidence. Dkt. # 4, at 8. His unsupported allegation that such evidence exists, and further that the State withheld it from him, does not suffice to establish "cause" for the procedural default of his claims or to support a tenable claim of actual innocence. *See Schulp*, 513 U.S. at 316

("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014) ("Simply maintaining one's innocence . . . does not necessarily satisfy [the *Schlup*] standard."). Thus, the Court agrees with Respondent that Petitioner has not made the necessary showings to overcome the procedural default of his claims.

## III.

After careful consideration of the record and the parties' arguments, the Court concludes that Petitioner's claims are procedurally defaulted and that Petitioner has not made the requisite showings to overcome the procedural default of those claims. The Court therefore denies the amended petition for a writ of habeas corpus. As a result, the Court denies Petitioner's requests for appointment of counsel and an evidentiary hearing as moot.

## Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, without addressing the merits of any constitutional claims, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the Court finds that reasonable jurists would not debate the correctness of the Court's determinations that Petitioner's claims are procedurally defaulted and that he failed to overcome the procedural default of those claims, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall note the substitution of Jim Farris in place of Art Lightle as party Respondent.

2. The amended petition for writ of habeas corpus (Dkt. # 4) is **denied**.

3. Petitioner's requests for appointment of counsel and an evidentiary hearing are **denied**.

4. A certificate of appealability is **denied**.

5. A separate Judgment shall be entered in this case.

**DATED** this 24th day of September 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE